UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SALAMI,

        Plaintiff,        Civil Action No.: 15-12248
                                    Honorable Terrence G. Berg
v.                                    Magistrate Judge Elizabeth A. Stafford

DEPUTY CLEMENTS, *et al.*,

        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL WITHOUT PREJUDICE [R. 3, 10, 14, 15]

Plaintiff Michael Salami, a prisoner proceeding *pro se*, moves for appointment of counsel. [R. 3, 10, 14, 15]. Salami's original complaint alleged claims against certain Macomb County Jail officials, Correct Care Solutions ("CCS"), the Macomb County Jail and Sheriff Anthony Wickersham. He moved to amend his complaint to dismiss his claims against Wickersham and the Jail, and add defendant Macomb County, and the Court granted the motion. Salami now seeks appointment of counsel, arguing that he is unable to afford counsel, that he has limited access to the law library, and because his mail to legal organizations is being restricted.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an

attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). In making this determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the legal and factual issues, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

    Having review Salami's case filings to date, and considering the relevant factors, the Court finds that he has not shown exceptional circumstances that merit the appointment of counsel at this juncture. Poverty and lack of access to counsel alone are not exceptional reasons warranting appointment of counsel. Similarly, despite his alleged limited access to the law library and the mail, he has been able to file four motions for appointment of counsel, a motion to amend and three other requests and/or letters to this Court. Finally, his claims at this juncture do not appear

to involve unusually complex legal or factual issues.  For these reasons, Salimi's motions to appoint counsel **[R. 3, 10, 14, 15]** are **DENIED WITHOUT PREJUDICE**.[1]

| | |
|---|---|
| Dated: July 21, 2015<br>Detroit, Michigan | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 21, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

---

[1] Salimi's latest request also seeks an injunction, subpoena forms and search warrants.  However, a separate motion requesting an injuction is already pending before the Court.  [R. 11].  Furhter, his request for subpoena forms is premature as no defendant has been served, and discovery has not yet commenced.  Finally this Court has no power to approve private search warrants under the Constitution.  Therefore, these requests are also denied.