UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SALAMI,

        Plaintiff,        Civil Action No.: 15-12248
                                 Honorable Terrence G. Berg
v.                            Magistrate Judge Elizabeth A. Stafford

DEPUTY CLEMENTS, *et al.*,

        Defendants.
_____/

## ORDER

On July 21, 2015, this Court granted *pro se* prisoner plaintiff Michael Salami's motion to amend his complaint and denied him appointment of counsel without prejudice. [R. 19, 20]. On July 23, 2015, Salami again moved to amend his complaint, requesting the same amendment already granted, and moved a fifth time for appointment of counsel. [R. 22, 25]. He also moved for an emergency subpoena against Macomb County Jail to obtain security camera footage. [R. 24]. Finally he moved to withdraw his pending motion for a temporary restraining order. [R. 23].

Since this Court has already granted Salami leave to file an amended complaint naming Macomb County instead of Macomb County Jail, his repetitive motion **[R. 25]** is **DENIED AS MOOT**. His motion to withdraw his motion for a temporary restraining order **[R. 23]** is **GRANTED**, and that

motion **[R. 11]** is **TERMINATED**.  His motion for appointment of counsel **[R. 22]** is **DENIED WITHOUT PREJUDICE** for the reasons previously stated in the July 21 Order.  [R. 20].  None of the salient circumstances cited therein have changed since that Order was issued.

Finally, Salami's motion for an emergency subpoena to Macomb County Jail for surveillance footage **[R. 24]** is **DENIED in part and GRANTED in part**.  Subpoenas are generally used against nonparties.  *Ghandi v. Police Dep't of City of Detroit*, 74 F.R.D. 115, 118 n. 3 (E.D. Mich. 1977) ("A party can compel a non-party to produce books, papers, documents or tangible things only by a subpoena duces tecum issued pursuant to Rule 45 of the Federal Rules of Civil Procedure.").  Since Macomb County is a party and controls its jail, Salami should seek discovery from Macomb County, including a copy of the surveillance footage, under the applicable rules of discovery.  *See* Fed. R. Civ. P. 26-34.  So, Salami's request for a subpoena is denied.

However, despite the title of the motion, what Salami actually requests is that the video footage be secured and not destroyed.  [R. 24, PgID 73].  This request has merit.  "As a general matter, it is beyond question that a party to a civil litigation has a duty to preserve relevant information" when the party knows or should know that "the evidence is

relevant to litigation." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). Here defendant Macomb County had notice of the suit by at least July 15, 2015, the date the Jail was served, and thus is presently under a duty to preserve relevant evidence, including evidence possessed by the Jail. *Barrette Outdoor Living, Inc. v. Mich. Resin Representatives,* LLC, No. 11-13335, 2013 U.S. Dist. LEXIS 108902, *35-36, 2013 WL 3983230, at *9 (E.D. Mich. Apr. 26, 2013) *adopted by* 2013 WL 3983230 (E.D. Mich. Aug. 1, 2013) (duty to preserve exists "for a defendant, at the latest, when the defendant is served with the complaint."); *Searcy v. Macomb County*, No. 10-11242, 2014 U.S. Dist. LEXIS 44718 (E.D. Mich. Feb. 12, 2014) *adopted by* 2014 U.S. Dist. LEXIS 43772 (E.D. Mich. Mar. 31, 2014) (County on notice of suit at time Jail was served with complaint). Thus, to the extent the surveillance tapes Salami seeks still exist (which is questionable, as they relate to a period between October and November 2014[1]), Macomb County must preserve them.

For the foregoing reasons, Salami's motion to terminate **[R. 23]** is **GRANTED**, his motion for an emergency subpoena is **GRANTED in part and DENIED** in part **[R. 24],** and his other motions **[R. 22, 25],** are

---

[1] Although Salami's motion seeks footage from October through November 2015, the Court infers he meant 2014, given the time frame alleged in his complaint.

**DENIED**. Macomb County is **ORDERED** to preserve any existing surveillance tape covering the period outlined in Salami's motion **[R. 24]** through the pendency of this case.

**IT IS SO ORDERED.**

Dated: July 29, 2015
Detroit, Michigan

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 29, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager