UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SALAMI,

          Plaintiff,         Civil Action No.: 15-12248
                                       Honorable Terrence G. Berg
v.                                     Magistrate Judge Elizabeth A. Stafford

DEPUTY CLEMENTS, *et al.*,

          Defendants.
_____/

**<u>ORDER ON VARIOUS MOTIONS [R. 36, 37, 38, 39, 40, 41, 43, 44]</u>**

      Plaintiff Michael Salami, a prisoner proceeding *pro se*, filed a complaint alleging various constitutional claims against certain Macomb County Jail officials, Correct Care Solutions ("CCS"), the Macomb County Jail and Sheriff Anthony Wickersham. Below, the Court will address a number of recent motions filed by Salami.

      However, as an initial matter, the motions at issue demonstrate that Salami has not apprised himself of relevant Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Michigan. The Court admonishes Salami that his future filings must comply with the applicable rules and that failure to do so could result in sanctions up to and including dismissal.

**1) Motions to Amend**

Prior to service of Defendants, Salami moved to amend his complaint. [R. 16]. As Salami had a unilateral right to amend his complaint once before it was served, the Court granted his motion and directed him to file his amended complaint by August 7, 2015. [R. 19].

On July 23, 2015, Salami filed another motion to amend his complaint on the same basis as the motion already granted. [R. 25]. The Court denied this motion as moot. [R. 26]. Since that time, Salami has filed four additional motions to amend, but has not filed his amended complaint as ordered. Further, Salami's filings are deficient because Eastern District of Michigan Local Rule 15.1 states, "Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Salami has failed to reproduce the entire pleading as he intended for them to be amended, in violation of this rule.

Nonetheless, because the time for defendants to answer has not passed and because of the lenient standard of amendment under Federal Rule of Civil Procedure 15, the Court will **GRANT** these motions **[R. 36, 39, 40, 43]**. However, Salami is cautioned that he cannot constantly amend his

complaint, and any motions to amend must be accompanied by the entire proposed amended pleading. Since Salami's proposed amendments are fragmented, he must compile them all into one complete amended complaint and file it with the Court **on or before September 10, 2015**. Salami has already once failed to comply with this Court's order regarding this issue, so he is warned that failure to timely file a complete amended complaint may result in sanctions up to and including dismissal.

### 2) Motion for Subpoenas

Salami moves for subpoenas for the production of documents from various non-parties. Although served, Defendants have not yet responded to the complaint, nor has the time passed for them to do so. [R. 27, 28, 29, 30, 31, 32, 33, 34, 35]. Discovery cannot proceed until the time has passed for Defendants to respond the complaint, lest Defendants respond by moving to dismiss on grounds upon which discovery is not necessary. *See e.g.* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) ("[A] defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). Now that the Court has granted Salami leave to file his amended complaint by September 10, 2015, Defendants' responsive pleading is due fourteen days after service of that amended pleading. Fed. R. Civ. P. 15(a)(3). If that date passes with no response,

the Court will then issue a scheduling order, discovery will commence, and Salami may request the subpoenas he seeks via the Clerk's Office of the Court. Thus, Salami's motion for subpoenas **[R. 37]** is **DENIED WITHOUT PREJUDICE**.

### 3) Motion to Be Present for Summary Judgment

Salami moves to be present during summary judgment, which the Court interprets as referring to any hearing on a motion for summary judgment. Presently there is no pending motion, let alone one for summary judgment. Therefore, this motion **[R. 38]** is premature and is **DENIED WITHOUT PREJUDICE**.

### 4) Motion for Production of Documents

Salami seeks the production of various documents. However, the Federal Rules of Civil Procedure make clear that discovery requests must first be directed to the party from whom discovery is sought, and a request to compel discovery should not be presented to the Court unless requested discovery has been withheld. Further, as noted above, discovery has not yet commenced, so his request is premature. Therefore, this motion **[R. 41]** is **DENIED**.

### 5) Motion to Put Video into Evidence

Finally, Salami requests that the video evidence requested in a

previously denied motion for subpoena be admitted into evidence. This motion **[R. 44]** is **DENIED**. If video evidence is tendered to Salami in discovery, he may submit it to the Court only as allowed under the Federal Rules of Civil Procedure, including as an attachment in support of a properly filed dispositive motion. The Court will not accept evidence piecemeal or disconnected from properly filed motions or responses to which it is supposedly relevant.

For the foregoing reasons, Salami's motions to amend **[R. 36, 39, 40, 43]** are **GRANTED** and a complete amended complaint **MUST BE FILED WITH THE COURT ON OR BEFORE SEPTEMBER 10, 2015**. His remaining motions **[R. 37, 38, 41, 44]** are **DENIED**.

**IT IS SO ORDERED.**

Dated: August 28, 2015  s/Elizabeth A. Stafford
Detroit, Michigan  ELIZABETH A. STAFFORD
  United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district

judge under 28 U.S. C. §636(b)(1).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 28, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
