UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SALAMI,

        Plaintiff,        Civil Action No.: 15-12248
                                    Honorable Terrence G. Berg
v.                                 Magistrate Judge Elizabeth A. Stafford

DEPUTY CLEMENTS, *et al.*,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL WITHOUT PREJUDICE [R. 56]

Plaintiff Michael Salami, a prisoner proceeding *pro se*, moves again for appointment of counsel. [R. 56]. Salami argues that his placement in administrative segregation for six months further restricts his law library access and his ability to litigate his case. For the following reasons, his motion is denied without prejudice.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). In making this

determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the legal and factual issues, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*  Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense."  *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

    The Court finds that, despite his placement in segregation, Salami has still has not shown exceptional circumstances that merit the appointment of counsel at this juncture.  Notwithstanding his placement in segregation, which was supposed to end on September 14, 2015 but appears (by his filing) to have been extended another six months [*see* R. 54, 56], Salami has been able to file numerous motions and letters with the Court.  [R. 41, 42, 43, 44, 50, 51, 52, 54].  Furthermore, at this juncture, the only effective Order is for him to file an amended complaint consolidating all of his claims on or before October 8, 2015, a date that has twice been extended to accommodate Salami's needs.  [*See* R. 46, 53, 54].  Further, there is no ongoing discovery or motions practice at this juncture.  For these reasons, as well as the reasons stated in this Court's previous denials [R. 20, 26], Salami's motion to appoint counsel **[R. 56]** is **DENIED**

**WITHOUT PREJUDICE**.

Dated: September 28, 2015        s/Elizabeth A. Stafford
Detroit, Michigan       ELIZABETH A. STAFFORD
      United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2015.

      s/Marlena Williams
      MARLENA WILLIAMS
      Case Manager